# Michael Faillace & Associates, P.C.

Employment and Litigation Attorneys

60 East 42nd Street, Suite 2020     Telephone: (212) 317-1200
New York, New York 10165            Facsimile: (212) 317-1620

michael@faillacelaw.com

May 13, 2016

**BY ECF**

Honorable Colleen McMahon
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

Re:   Medina et al v. East Communication Inc. et al
      Case No. 16-cv-0869 (CM)

Your Honor:

I am an attorney with Michael Faillace & Associates, P.C., attorneys for Plaintiff in the above-referenced matter, and I write to seek sanctions under Fed. R. Civ. P. 16(f) against Howard C. Chun, Esq., who ostensibly represents Defendants in this matter.

Mr. Chun has twice been ordered to move for admission in this matter *pro hac vice*, despite his being admitted to practice law in the State of New York, but he has steadfastly refused to do so. Mr. Chun was first ordered to so move at the first Initial Pretrial Conference held on April 1st, and he was again so ordered at the second Initial Pretrial Conference held on April 29th.

Yet as of today, no motion has been made, and the undersigned is now confronted with a Kafkaesque situation where on Tuesday, May 10th, under court order (see the Minute Entry from the second Initial Pretrial Conference held on April 29, 2016), I served discovery demands on an attorney who (1) is not admitted in the Southern District, (2) is not admitted *pro hac vice* in this matter, and (3) purports to represent Defendants who have not answered or otherwise moved and are thus in default.

I contacted Mr. Chun on Tuesday, May 10, 2016 regarding this issue of his absentee *pro hac vice* application and requested that he make his application by yesterday, lest I make the instant motion for sanctions. Given Mr. Chun's refusal to follow repeated Court orders, and his complete silence in response to my communications, Plaintiff now seeks sanctions.

Fed. R. Civ. P. 16 governs pretrial conferences, scheduling, and management, empowering the Court to impose sanctions when "a party or its attorney: (A) fails to appear at a scheduling or other pretrial conference; (B) is substantially unprepared to participate—or does not participate in good faith—in the conference; or (C) fails to obey a scheduling or other pretrial order." Fed. R. Civ. P. 16(f)(1)(A)-(C).

Rule 16(f) also includes a fee-shifting provision requiring that the Court "order the party, its attorney, or both to pay the reasonable expenses—including attorney's fees—incurred because of any noncompliance with this rule, unless the noncompliance was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 16(f)(2). This rule requires the court to award such expenses "[i]nstead of or in addition to any other sanction" it imposes. Martin v. Giordano, No. 11-CV-4507 (ARR) (JO), 2016 US Dist LEXIS 61007, at *36-37 (E.D.N.Y. May 9, 2016). Also, "[i]t is well settled that in this court, the standards to be applied in imposing sanctions under Rule 16 are identical to the familiar standards contained in Rule 37." Fonar Corp. v. Magnetic Resonance Plus, Inc., 175 FRD 53, 55 (S.D.N.Y. 1997) (citing James River Corp. v. Interamerica Trust Co., No. 88 Civ. 9098 (JFK), 1990 U.S. Dist. LEXIS 573, 1990 WL 6551, at *2 (S.D.N.Y Jan. 22, 1990).

The purpose of sanctions is three-fold: (1) to ensure that a party will not benefit from its own failure to comply; (2) to obtain compliance with the particular order issued; and (3) to serve as a general deterrent effect on the case and on other litigants as well. Cine Forty-Second Street Theatre v. Allied Artists, 602 F.2d 1062, 1066 (2d Cir. 1979). As the Second Circuit stated therein:

> The principal objective of the general deterrent policy of [this approach] is [ensuring] strict adherence to the responsibilities counsel owe to the Court and to their opponents. Negligent, no less than intentional, wrongs are fit subjects for general deterrence. And gross professional incompetence no less than deliberate tactical intransigence may be responsible for the interminable delays and costs that plague modern complex lawsuits ....The parties, and particularly their lawyers, must rise to the freedom granted by the Rules and cooperate in good faith both in question and response.
>
> Considerations of fair play may dictate that courts eschew the harshest sanctions provided by Rule 37 where failure to comply is due to a mere oversight of counsel amounting to no more than simple negligence. But where gross professional negligence has been found that is, where counsel clearly should have understood his duty to the court, the full range of sanctions may be marshalled.

Id. at 1067-68 (internal citations and quotation marks omitted).

Here, sanctions are absolutely appropriate given Mr. Chun's ongoing refusal to obey multiple Court orders. Twice he has been ordered to move for admission *pro hac vice*, yet no application has been made. Now, Mr. Chun's refusal to so move has caused an untenable situation to arise wherein Plaintiff's counsel is being forced to deal with a non-admitted attorney who claims to represent defaulting Defendants.

In situations such as the instant, "[t]he imposition of severe sanctions is necessary to avoid a situation where courts encourage dilatory tactics, and compliance with discovery orders . . . come[s] only when the backs of counsel and the litigants [are] against the wall." Wilson v. Pasquale's DaMarino's, Inc., No. 10 Civ. 2709, 2013 U.S. Dist. LEXIS 41733, 2013 WL 1195603, at *5 (E.D.N.Y. Mar. 25, 2013) (internal

citation and quotation omitted). And again, the court need not find that Mr. Chun acted in bad faith as a prerequisite to imposing sanctions under Rule 16(f); "[r]ather, the fact that a party violated a pretrial order is sufficient to allow a Rule 16 sanction." Mahoney v. Yamaha Motor Corp. U.S.A., 290 F.R.D. 363, 368 (E.D.N.Y. 2013).

Given the above, Plaintiff respectfully requests that (1) Mr. Chun be prohibited from representing Defendants in this action; (2) Plaintiff be permitted to seek judgment by default; and (3) Defendants bear Plaintiff's costs associated both with making the instant motion and with propounding discovery demands on May 10th.

Thank you for your attention to this matter.

Respectfully Submitted,

_____
Gerrald A. Ellis, Esq.
MICHAEL FAILLACE & ASSOCIATES, P.C.
*Attorneys for Plaintiffs*

cc:  Howard C. Chun, Esq. (by Email)
Kaplan & Chun, P.C.
207 East 4th Street, 1st Floor
New York, NY 10009
Tel: (212) 777-0320
Fax: (212) 674-1729
howard@kaplanchun.com