**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------------------

ELY MEDINA,

|  |  |
|---|---|
| *Plaintiff*, | 16-CV-869 (JCG) |
| v. | **MEMORANDUM AND** |
| EAST COMMUNICATION INC., | **OPINION** |
| JAMES PARK, | |
| LUIS G. YO, | |
| *Defendants*. | |

-------------------------------------------------------------------------

CHOE-GROVES, Judge:

Ely Medina ("Plaintiff") brings this employment compensation dispute against East

Communication Inc., James Park, and Luis G. Yo (collectively, "Defendants") under federal and

New York State labor laws.

## JURISDICTION

The court has jurisdiction over Plaintiff's Fair Labor Standards Act (FLSA) claims

pursuant to 28 U.S.C. § 1331 (2012)[1] and exercises supplemental jurisdiction over Plaintiff's

related state law claims under 28 U.S.C. § 1367(a).

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

"In an action tried on the facts without a jury . . . the court must find the facts specially

and state its conclusions of law separately." Fed. R. Civ. P. 52(a)(1). Plaintiff has the burden of

proving each element of his claim by a preponderance of the evidence. If the court finds that

---

[1] All further citations to the United States Code are to the 2012 edition.

Plaintiff has not proved any one of the elements by this standard, then it must return a verdict for

Defendants.

The FLSA defines "employee" as "any individual employed by an employer."  29 U.S.C.

§ 203(e)(1).  It also describes "employer" as "any person acting directly or indirectly in the

interest of an employer in relation to an employee."  Id. § 203(d).  New York law defines the two

terms of art in a similar manner to the FLSA.  See N.Y. Lab. Law §§ 190, 651 (McKinney

2017).[2]  Plaintiff bears the burden of proving that he is an "employee" and that Defendants are

"employers," and that he may avail himself, therefore, of the legal protections afforded by the

law.  In this case, the Parties have stipulated that they are "employee" and "employer" under

both federal and state laws.[3]

"Where an employer fails to maintain adequate or accurate records of its employees'

hours, the employee need only 'produce[ ] sufficient evidence to show the amount and extent of

[the uncompensated] work as a matter of just and reasonable inference.'"  Salinas v. Stargem

Restaurant Corp., 123 F. Supp. 3d 442, 472 (S.D.N.Y. 2015) (quoting Anderson v. Mt. Clemens

Pottery Co., 328 U.S. 680, 687 (1946)).  This burden is not high.  Id.  Plaintiff "may satisfy his

burden 'through estimates based on his own recollection.'"  Id. (citing Kuebel v. Black & Decker

Inc., 643 F.3d 352, 362 (2d Cir. 2011)).  "The burden then shifts to the employer to come

forward with evidence of the precise amount of work performed or with evidence to negate the

reasonableness of the inference to be drawn from the employee's evidence."  Id. (citing

---

[2] All further citations to the New York Labor Law are to the 2017 edition.

[3] Judicial opinions have clarified the broad definition of "employer" under the FLSA, and the stipulated facts appear to follow that framework.  See Carter v. Dutchess Cmty. College, 735 F.2d 8, 12–14 (2d Cir. 1984) (establishing the test for evaluating whether an employer-employee relationship existed).

Anderson, 328 U.S. at 687–88).  If the employer fails to do so, "the court may then award damages to the employee, even though the result be only approximate."  Id. (citing Anderson, 328 U.S. at 688).

Plaintiff filed this case in the United States District Court for the Southern District of New York on February 4, 2016.  See Compl., Feb. 4, 2016, ECF No. 1.  The court held a bench trial in this matter on November 13, 2017.

The court makes the following findings of fact and conclusions of law:

### I.        Minimum Wage

Medina asserts that Defendants did not pay him the applicable minimum wage throughout his employment.  Plaintiff worked as an employee at East Communication Inc., a mobile phone store located in the Bronx, New York, from February 2015 to November 2015.  See Trial Tr. at 7.  Defendants controlled the terms of Plaintiff's employment during his time at East Communication Inc., including Plaintiff's schedule and pay rate.  See id. at 8, 18.  During Medina's employment in 2015, the federal minimum wage was $7.25 per hour, while the New York State minimum wage was $8.75 an hour.  29 U.S.C. § 206(a)(1)(C); N.Y. Lab. Law § 652.  Since the FLSA allows states to implement a higher minimum wage than the federal rate, Medina was entitled to at least $8.75 per hour worked.  See 29 U.S.C. § 218(a).  Here, the court finds that Medina was paid $9.00 per hour.  Trial Tr. at 18.  Defendants complied, therefore, with the FLSA minimum wage requirements and the court finds in favor of Defendants on the minimum wage issue.

### II.       Overtime

Plaintiff contests whether he was paid the required overtime wages for all hours he worked over forty hours in a work week under the FLSA and New York's Minimum Wage Act.

See 29 U.S.C. § 207(a)(1); N.Y. Lab. Law § 652.  The FLSA requires that employers pay their

workers at least one and one-half times the workers' regular wage rate for overtime.  29 U.S.C.

§ 207(a)(1).  New York's Labor Laws follow the FLSA for overtime.  N.Y. Comp. Codes R. &

Regs. tit. 12, § 142-2.2 (2017).[4]

Plaintiff was instructed to work overtime hours even though there was no established

policy regarding overtime.  Trial Tr. at 30.  The court finds that Plaintiff worked overtime hours

in order to complete transactions with customers after the store's closing time and to complete

end-of-day duties, including cleaning the store, setting the alarm code, and closing the gate.  Id.

at 9–10.  Plaintiff mostly worked 45 to 55 hours per week, but sometimes also worked

approximately 60 hours per week.  Id. at 22–23.  During the time when business was slower,

Plaintiff also worked 35 hours per week.  Id. at 73.

Defendants provided Plaintiff with access to Wireless Standard, a computer terminal for

Plaintiff to clock in and clock out.  See id. at 13, 101–02.  Plaintiff did not use the system every

day and found that the system would often fail when he attempted to use it.  Id. at 13.  Both

Parties agreed that the system recorded inaccurate clock-in and clock-out times.  Id. at 13, 138;

see also Pl.'s Ex. 5 (Defendant's computerized timesheet records).  Specifically, when the clock-

out feature malfunctioned, the system did not allow Plaintiff to clock-in again on the next work

day.  Trial Tr. at 90.  As a result, Plaintiff began to keep his own records for hours worked and

wage payments because he was aware that the system did not work properly.  Id. at 14; Pl.'s Ex.

6 (Plaintiff's handwritten timesheet records).  The court finds that given the Defendants'

ineffective time system, Plaintiff's efforts to keep records of his work hours were reasonable.

---

[4] All further references to the New York Codes, Rules and Regulations are to the 2017 edition.

Plaintiff was never compensated more than his normal hourly rate of $9.00 dollars per

hour. Trial Tr. at 18. Defendants did not provide proper overtime compensation beyond a forty-

hour work week for Plaintiff, and the court finds in favor of Plaintiff on the overtime claim.

## III. Spread of Hours

Plaintiff also asks the court to determine whether he was entitled to "spread of hours"

compensation under New York law. The Spread of Hours Wage Order issued by the New York

Commission of Labor, as codified in state regulation, provides that employees who work in

excess of ten hours per day must receive an additional "one hour's pay at the basic minimum

hourly wage rate." N.Y. Comp. Codes R. & Regs. tit. 12, § 142-2.4. As established before, the

minimum wage rate applicable to Medina during his employment period was $8.75 per hour.

Plaintiff states that he was generally assigned the responsibility of arriving at 9:30 A.M.

or earlier to complete opening duties, opening the store by 10:00 A.M., and closing the store by

8:30 P.M. or later to complete transactions and end-of-day tasks. Trial Tr. at 9–10. Plaintiff's

records indicate that he worked a total of 12.5 hours on November 27, 2015, which would entitle

him to spread of hours compensation for that date because he worked in excess of ten hours. See

Pl.'s Ex. 6. Defendants do not contest this fact. See Trial Tr. at 130. Plaintiff does not establish

by a preponderance of evidence that he worked in excess of ten hours on any other specific work

days. The court finds in favor of Plaintiff with respect to spread of hours compensation owed for

November 27, 2015.

## IV. "Willful" Violations

The Parties presented evidence at trial as to whether Defendants' actions were "willful"

under the FLSA and state labor law.

29 U.S.C. § 255 discusses the applicable statute of limitations for causes of action

brought under the FLSA.  Aggrieved individuals have two years to commence their cases.

However, if Parties can prove that the labor violations were "willful," then the three-year statute

of limitations applies.  29 U.S.C. § 255(a).  "Willful" means that "the employer either knew or

showed reckless disregard for the matter of whether its conduct was prohibited by the statute."

McLaughlin v. Richland Shoe Co., 486 U.S. 128, 133 (1988).  The statute of limitations for a

cause of action under the New York Labor Law is six years, regardless of whether the conduct is

"willful."  See N.Y. Lab. Law §§ 198(4), 663(1).  Plaintiff's case falls well within this

timeframe.

The court finds that Defendants showed disregard for whether their conduct was

prohibited by the statute by failing to pay overtime wages to Plaintiff as required under the law.

Trial Tr. at 37.  Defendants stated that they were aware of the basic overtime rules and the

requirements under the law to pay Plaintiff an overtime rate when Plaintiff worked over 40

hours.  Id. at 114.  Defendants showed disregard for whether their conduct was unlawful because

they failed to pay Plaintiff at the lawful overtime rate.  Defendants further demonstrated

disregard for lawful conduct in their failure to provide adequate wage notices and wage

statements as required by law, and in their failure to provide any documentation (such as pay

stubs) relating to Plaintiff's pay throughout his employment.  Id. at 19, 33.  The court finds that

Defendants' violations of the law were willful and in disregard of whether their conduct was in

violation of the FLSA and New York Labor Law.

Moreover, the court finds that Defendants further demonstrated disregard for lawful

conduct by failing to pay any employment taxes due as an employer, while acquiescing in

Plaintiff's request to be paid in cash "under the table" so that Plaintiff could avoid paying any

income taxes on his salary.  See id. at 26, 98, 134, 155–56, 160.  Clearly Plaintiff and Defendants

showed disregard for the law with respect to the issue of non-payment of taxes.

V.       **Written Notice & Written Wage Statement**

The Parties disagree as to whether Defendants provided Plaintiff with written notice of

his rate of pay and written wage statements, as required by state law.  See N.Y. Lab. Law

§§ 195(1), (3).  The statute requires that every employer provide all employees with a written

notice of the rate of pay at the time of hiring.  Id. § 195(1).  The notice should be in English, as

well in "the language identified by each employee as the primary language of such employee."

Id.  In addition, employers should provide each wage payment with an accompanying written

statement listing the particulars of that pay period (e.g., dates of work covered, rate of pay,

deductions).  Id. § 195(3).

The court finds that Plaintiff was provided neither with an initial written notice of his rate

of pay when he began working for Defendants, nor a written wage statement each time that he

was paid.  Trial Tr. at 19, 33.  When Plaintiff requested receipts or written documentation

regarding his hours worked, Defendants told Plaintiff that they could not provide the

documentation because Defendants were paying Plaintiff in cash.  Id. at 33.  The trial testimony

showed that the Defendants usually paid Plaintiff in cash each week on the last day of the week

that he was in the store, without detailed discussion and without written confirmation.  Id. at 113.

When Defendants did not pay Plaintiff in person, Plaintiff was instructed to take the money from

the register and to indicate the amount of cash taken by leaving a note so that the money could be

accounted for the next day.  Id. at 130.  The trial testimony also established that Plaintiff was not

provided with any written notice of his rate of pay.  Id. at 19.

The court finds that Defendants did not adequately provide Plaintiff with an initial

written notice of his rate of pay or a written wage statement, as required by state law.  The court

finds in favor of Plaintiff on the written notice and written wage statement claims.

### VI.      Failure to Pay in Timely Fashion

Plaintiff asserts that Defendants failed to compensate him in a timely fashion in violation

of state law.  New York Labor Law distinguishes between various types of workers when

defining timeliness of wage payments.  See N.Y. Lab. Law § 191.  Medina falls under subsection

(d), which is the catch-all provision referring to "clerical and other worker[s]."  See id.  The

statute provides that employees falling under that category shall be paid according to an

employment agreement, "but not less frequently than semi-monthly."  Id.

Defendants assert that Plaintiff was paid every week.  Trial Tr. at 113.  While there was

no employment agreement establishing the specific day when Plaintiff was to be paid,

Defendants paid Plaintiff generally on the last day of each week that Plaintiff worked.  Id.  The

trial testimony established that Defendants paid Plaintiff not less frequently than semi-monthly,

and thus Plaintiff was paid in a timely fashion as required under the statute.  The court finds in

favor of Defendants on this claim of failure to pay in a timely fashion.

### VII.     Measure of Damages

Both the FLSA and New York Labor Law provide for liquidated damages.  See 29

U.S.C. § 216; N.Y. Lab. Law § 663(1).  Double-recovery under both statutory schemes for "the

same course of conduct" is impermissible.  Rana v. Islam, 887 F.3d 118, 123 (2d Cir. 2018).

Plaintiff has successfully established that Defendants violated labor standards.

Defendants did not provide Plaintiff with an initial written notice of his rate of pay or a written

wage statement, thereby violating N.Y. Labor Law § 195(1) and entitling Plaintiff to recover in

the amount of $5,000.00.  N.Y. Lab. Law § 198(1-b).  Defendants failed to provide Plaintiff with

a written statement listing the particulars of each pay period (e.g., dates of work covered, rate of

pay, deductions), thereby violating N.Y. Labor Law § 195(3) and entitling Plaintiff to $5,000.00.

Id. § 198(1-d).  Defendants failed to pay Plaintiff for the appropriate spread of hours

compensation, thereby violating the state's Spread of Hours Wage Order and entitling Plaintiff to

$21.88.  Plaintiff may recover a total of $10,021.88 for Defendants' violations of the New York

Labor Law.

Plaintiff may also recover under the FLSA for unpaid wages in the amount of $885.75.

Because the court concludes that Defendants' conduct was willful, Plaintiff is entitled to

liquidated damages equal to the amount of unpaid wages.  Plaintiff may recover a total of

$1,771.50 for Defendants' violations of the FLSA.

The court concludes that Defendants must pay $11,793.38 total in damages to Plaintiff.

## CONCLUSION

As evidenced above, Plaintiff has failed to convince this court by a preponderance of the

evidence that he may recover under N.Y. Lab. Law § 191 for a failure by Defendants to

compensate him in a timely fashion in violation of state law.  Plaintiff has also failed to convince

this court by a preponderance of the evidence that he may recover under N.Y. Lab. Law § 652

and 29 U.S.C. § 206 for Defendants' failure to pay him minimum wage requirements.

Plaintiff has proven, however, by a preponderance of the evidence that he may recover

from Defendants for willful violations of unpaid overtime wages and spread of hours

compensation under the FLSA and New York Labor Law.  Plaintiff has also proven by a

preponderance of the evidence that Defendants did not adequately provide Plaintiff with an

initial written notice of his rate of pay or a written wage statement, as required by state law.

In light of Defendants' willful violations of the FLSA, Plaintiff is entitled to recovery in the amount of $1,771.50.  Plaintiff is also entitled to recover for Defendants' violations of the New York Labor Law in the amount of $10,021.88.  Plaintiff may recover from Defendants, in sum, $11,793.38.

Due to the court's concerns with respect to the apparent failure to pay income taxes and employment taxes that were raised at trial, the court **ORDERS** Defendants to pay the amount of $11,793.38 by no later than July 11, 2018 to the Clerk of the U.S. District Court for the Southern District of New York, to be held in escrow for the Plaintiff in an interest-bearing account pending further inquiry into the applicable tax issues.  Plaintiff is entitled to post-judgment interest after the Clerk of the Court has entered the judgment in this case.

**SO ORDERED.**

/s/   Jennifer Choe-Groves
Jennifer Choe-Groves, Judge

Dated:        June 11, 2018
              New York, New York